David N. Chandler, Sr.    SBN 60780
David N. Chandler, Jr.    SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:                        CASE NO. 10-11103

SCOTT WAYNE SHAVER, and       CHAPTER 7
MEREDITH JANE LINTOTT,
                              OPPOSITION TO UNITED STATES TRUSTEE'S
        DEBTORS.         /    MOTION FOR ORDER EXTENDING DEADLINES;
                              DECLARATION OF DAVID N. CHANDLER, JR.
                              Date:  July 23, 2010
                              Time:  9:00 a.m.
                              Place: 99 South E St.
                                     Santa Rosa, CA

        Scott Wayne Shaver and Meredith Jane Lintott, debtors herein,

hereby oppose the United States Trustee's Motion to Extend Deadlines

and represent:

        1.    This case was commenced by voluntary petition under

Chapter 7 of the Code on March 29, 2010.

        2.    The deadline for filing a motion to dismiss under Section

707 or a complaint objecting to discharge was July 6, 2010.

        3.    Congress did not intend for the determination of "abuse"

under Section 707 to be a protracted process.   Rule 1017(e)(1) of

the Federal Rules of Bankruptcy Procedure provides that "a motion to

dismiss a case for abuse under § 707(b) or (c) shall be filed only

within 60 days after the first date set for the meeting of

creditors.   Rule 1017(e)(1).   Rule 1017(e)(1) provides that, _for_

_cause_, the Court may extend the deadlines on request made before the

time has expired. Rule 1017(e)(1). The United States Trustee has the burden of proof to show "cause". <u>In re Molitor</u>, supra, 395 B.R. at 205, citing <u>In re Stonham</u> (Bkrtcy.D.Colo.2004) 317 B.R. 302, 305.

4. Congress also did not intend for the investigation of grounds for filing an action under Section 727 to be a protracted process. Rule 4004(a) provides that, in Chapter 7 cases, a complaint objecting to discharge must be filed no later than 60 days after the first date set for the meeting of creditors. Subsection (b) provides that, <u>for cause</u>, the Court may extend the deadlines on request made before the time has expired. Rule 4004(a) & (b). The United States Trustee has the burden of proof to show "cause". <u>In re Molitor</u>, supra, 395 B.R. at 205

5. Some tension obviously exists between a debtor's interest in obtaining a "fresh start" and the United States Trustee's statutory duties to prevent abusive bankruptcy filings. The deadlines in Rule 1017 and Rule 4004 are a balance of these competing interests. See <u>In re Molitor</u> (Bktrcy.S.D.Ga.2008) 395 B.R. 197, 206. Had Congress intended to allow creditors and the Trustee a longer period of time, it certainly could have. See Rule 4003(b), setting a deadline for objections to exemptions 30-days after *conclusion* of the meeting of creditors.

6. In <u>In re Molitor</u>, The United States Trustee timely requested an extension of the deadlines for filing a motion to dismiss under Section 707(b)(3) and for filing an objection to discharge under Section 727. After noting the United States Trustee's lack of diligence in investigating the case, the Court explained: "Allowing the UST additional time when he has failed to diligently investigate would ignore the mandated deadlines and

diminish Debtor's legitimate interest in a prompt and speedy resolution of her bankruptcy case." In re Molitor, supra, 395 B.R. at 205-06, denying the United States Trustee's request to extend deadlines because it failed to establish "cause". The Court then noted that "cause" did not exist as a result of the contingent nature of the debtor's income and expenses. Id. at 206.

7. As in In re Molitor, there is no "cause" in the present case to extend the deadlines for filing a motion to dismiss under Section 707(b)(3) or for filing an objection to discharge under Section 727. The Motion does not even purport to establish "cause." It merely states that the U.S. Trustee "needs additional time to investigate" and that "Debtors will not suffer any prejudice." Other than a vague reference to income and expenses, the Motion does not identify a specific factual issue that is being investigated, nor any particular action that the U.S. Trustee intends to take. The United States Trustee's Motion fails to establish "cause".

8. As conceded in the Motion, the Debtors have been fully cooperative and complied with all of the U.S. Trustee's requests for information and documents:

a. Before the 341 Meeting, the United States Trustee requested documents and the Debtors timely produced them.

b. The Debtors answered every question asked to them by the Chapter 7 Trustee and the United States Trustee's Office at the Section 341 Meeting of Creditors.

c. The Debtors timely produced all documents responsive to the Rule 2004 Order for Examination.

d. The Debtors gave testimony, on June 25, 2010, pursuant to the Rule 2004 Order for Examination.

1        e.    The Debtors promptly produced additional documents to

2  the U.S. Trustee's Office in response to an informal request after

3  the Rule 2004 Oral Examination was completed.

4      9.   If the U.S. Trustee truly "needs additional time to

5  investigate," it is because it has not been diligent in

6  investigating the case:

7        a.    Debtors were willing to produce any and all documents

8  requested by the United States Trustee.  If the U.S. Trustee wanted

9  additional documents, it should have asked because Debtors would

10  have promptly produced them.

11        b.    The U.S. Trustee waited until 11 days before

12  expiration of the Section 707(b) and Section 727 deadlines to take

13  the Debtors' oral examination.  There is no reason that it could not

14  have taken place sooner.

15        c.    The U.S. Trustee scheduled another matter at the same

16  time as the scheduled Rule 2004 oral examination (originally set for

17  June 25, 2010 at 3:30 p.m.) and, as a result, had to delay the

18  examination for an hour (the examination did not start until

19  approximately 4:30 p.m. on Friday, June 25, 2010).

20        d.    The Trial Attorney for the U.S. Trustee told Debtors'

21  Counsel that it only required 45 minutes to conduct the Rule 2004

22  oral examination.  If the U.S. Trustee wanted more information, it

23  should have planned for a longer examination.

24        e.    At the beginning of the Rule 2004 oral examination,

25  the U.S. Trustee indicated that it preferred to conduct an

26  "informal" discussion, as opposed to the typical question-answer

27  examination, and that it was not going to record the Debtors'

28  testimony.  If the U.S. Trustee wanted more information, it should

have conducted the examination in a more formal manner.

f.   The oral Rule 2004 examination lasted approximately 30 minutes, at least half of which was conversation between the Trial Attorney for the U.S. Trustee and Debtors' Counsel.  Had the U.S. Trustee asked the Debtors more questions, it would have received more information.

g.   Since the informal document request on June 29, 2010, in response to which the Debtors promptly produced documents, there has not been a single request made to Debtors by the U.S. Trustee. It is disingenuous to assert that one "needs additional time to investigate" but, at the same time, halt any further investigation.

10.   The U.S. Trustee's unreasonable request for an extension of 60-days to go on a "fishing expedition" should be denied.  The evidence supporting the Motion is insufficient to establish "cause". The U.S. Trustee cannot, under any scenario, establish "cause" because the Debtors were fully cooperative and the U.S. Trustee failed to act diligently (to whatever extent it actually "needs" additional documents and/or information).  The Rules promulgated by Congress acknowledge that Debtors have a legitimate interest in a prompt and speedy resolution of their bankruptcy case and the Court should neither ignore that interest nor the mandated deadlines.

WHEREFORE, Debtors request that the Court deny the United States Trustee's Motion to Extend Deadlines, and for such other relief as the Court deems just and proper.

Respectfully submitted,

Dated:     7/16/10            DAVID N. CHANDLER, p.c.

By: /s/ David N. Chandler, Jr.
DAVID N. CHANDLER, Jr.,
Attorney for Debtors

DECLARATION OF DAVID N. CHANDLER, JR.

I, David N. Chandler, Jr. declare and say:

1. That if called as a witness, I am competent to testify to the within matters from my own knowledge.

2. That I represent Scott Wayne Shaver and Meredith Jane Lintott in the herein Bankruptcy Proceeding.

3. That, before the 341 Meeting, the United States Trustee requested documents and the Debtors timely produced them.

4. That the Debtors answered every question asked to them by the Chapter 7 Trustee and the United States Trustee's Office at the Section 341 Meeting of Creditors.

5. That the Debtors timely produced all documents responsive to the Rule 2004 Order for Examination.

6. That the Debtors gave testimony, on June 25, 2010, pursuant to the Rule 2004 Order for Examination.

7. That the Debtors promptly produced additional documents to the U.S. Trustee's Office in response to an informal request after the Rule 2004 Oral Examination was completed.

8. That Debtors were willing to produce any and all (relevant and non-privileged) documents requested by the United States Trustee. If the U.S. Trustee wanted additional documents, it should have asked because Debtors would have promptly produced them.

9. That the U.S. Trustee waited until 11 days before expiration of the Section 707(b) and Section 727 deadlines to take the Debtors' oral examination. There is no reason that it could not have taken place sooner.

10. That the U.S. Trustee scheduled another matter at the same time as the scheduled Rule 2004 oral examination (originally set for

June 25, 2010 at 3:30 p.m.) and, as a result, had to delay the examination for an hour (the examination did not start until approximately 4:30 p.m. on Friday, June 25, 2010).

11. That Patricia Cutler, the trial attorney for the U.S. Trustee, told me that she only required 45 minutes to conduct the Rule 2004 oral examination. If she wanted more information, she should have planned for a longer examination.

12. That, at the beginning of the Rule 2004 oral examination, Ms. Cutler told me and the Debtors that she preferred to conduct an "informal" discussion, as opposed to the typical question-answer examination, and that she was not going to record the Debtors' testimony. If the U.S. Trustee wanted more information, the examination should have been conducted in a more formal manner.

13. That the oral Rule 2004 examination lasted approximately 30 minutes, at least half of which was conversation between Ms. Cutler and myself. Had Ms. Cutler asked the Debtors more questions, she would have received more information.

14. That, since the informal document request on June 29, 2010, in response to which the Debtors promptly produced documents, there has not been a single request for information or documents made to Debtors by the U.S. Trustee.

Executed under penalty of perjury this 16th day of July, 2010 at Santa Rosa, California.

_/s/ David N. Chandler, Jr._
DAVID N. CHANDLER, JR.
Attorney for Debtors