DONNA TAMANAHA, Assistant U.S. Trustee (WI#1013199)
PATRICIA A. CUTLER, Trial Attorney (#50253)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

Attorneys for Acting United States Trustee
AUGUST B. LANDIS

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 10-11103 AJ 7 |
| SCOTT WAYNE SHAVER AND | Chapter 7 |
| MEREDITH JANE LINTOTT, | Date: July 23, 2010 |
| | Time: 9:00 a.m. |
| | Crtrm: Hon. Alan Jaroslovsky |
| | 99 South "E" Street |
| Debtors | Santa Rosa, California |

**UNITED STATES TRUSTEE'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR ORDER EXTENDING DEADLINES**

August B. Landis, the Acting United States Trustee (UST), hereby submits his reply to Debtors' opposition to the UST's motion for extension of section 707/727 deadlines.

As conceded in the Debtors' opposition, the UST has sought discovery from the outset of the case, requesting documents prior to the section 341(a) meeting on May 6, 2010. Counsel for the UST attended the meeting and examined the Debtors. As issues regarding Debtors' income and expenses remained after the initial examination, the UST sought an order for production of documents and testimony pursuant to Rule 2004 by order issued June 9, 2010. The Debtors produced the documents on June 23, 2010, and the UST conducted a Rule 2004 examination of the Debtors on June 25, 2010 to further discuss the Debtors' income and expenses. The Debtors produced additional documents to the UST on June 29, 2010, just three days before the expiration of the applicable deadlines. A review and analysis of these documents is necessary to determine whether the Debtors' schedules are accurate and whether the Debtors are likely to have disposable income with which to repay creditors. In re Lamug,

403 B.R. 47, 53-54 (Bankr. N.D. Cal. 2009)(citing to pre-BAPCPA case law and holding that the "debtor's ability to pay creditors out of future disposable income remains a sufficient basis to support a finding of abuse."); *cf.* In re Price, 353 F.3d 1135 (9th Cir. 2004) (considering question of substantial abuse under old section 707(b) and concluding that ability to repay, standing alone, is enough to support dismissal).

The Debtors cite In re Molitor, 395 B.R. 197 (Bankr. S.D. Ga. 2008) in support of their argument that the UST has not been diligent and therefore "cause" does not exist. However, the facts in Molitor are inapposite to the facts of this case. In Molitor, the Court found that the UST appeared to take no investigative actions in the case for the last 50 days before the expiration of the applicable deadline, and did not seek formal discovery until after the deadlines had passed. However, in this case the UST has taken significant steps in investigating the case, and sought formal discovery as soon as it became apparent that such discovery was necessary. Therefore, the UST has acted diligently and reasonably in his investigation. *See* Kornfield v. Schwartz, 214 B.R. 705, 708-710 (W.D.N.Y. 1997)(affirming Bankruptcy Court's extension of Rule 1017 deadlines because continued investigation into debtor's case coupled with lack of prejudice constituted sufficient cause for a "modest" extension of 60 days); *see also* In re Stoneham, 317 B.R. 544 (Bankr. D. Colo. 2004)(holding that due diligence required to obtain an extension for cause does not require the completion of all relevant discovery prior to the deadline, only that the requesting party has acted reasonably under the facts).

Further, this case is also factually distinguishable from In re Nowinski, 291 B.R. 302 (Bankr. S.D.N.Y. 2003), a case significantly relied on by the Court in Molitor. In Nowinski, the Bankruptcy Court held that cause did not exist where the requesting creditor failed to attend the meeting of creditors, did not conduct any Rule 2004 discovery, and failed to request any relevant documents during the applicable time period. *Id.* at 306-07. Courts have typically denied extensions for cause where the creditor has completely failed to do any due diligence during the applicable period. *See* In re Farhid, 171 B.R. 94 (N.D. Cal. 1994)(affirming Bankruptcy Court's denial of extension where creditor failed to attend meeting of creditors and failed to request any documents from the debtor); In re Grillo, 212 B.R. 744 (Bankr. E.D.N.Y. 1997)(denying extension where only discovery sought by creditor was a Rule 2004 examination motion filed just five days prior to the expiration of the applicable deadlines).

UST REPLY TO OPP TO MOTION TO EXTEND 707/727 DEADLINES - CASE NO. 10-11103 - 2 -

Case: 10-11103    Doc# 34    Filed: 07/21/10    Entered: 07/21/10 11:49:12    Page 2 of 3

Simply put, the UST has not sat on his rights. The UST's attorney attended the meeting of creditors, and timely moved for a 2004 examination seeking the production of additional documents a month before the expiration of the Rule 1017(e) and 4004(b) deadlines. The UST sought discovery that directly impacts whether the Debtors' statements in their schedules are accurate, and whether they have an ability to repay their creditors. Further, discovery has been focused on the Debtors' claims of a potential reduction in income and the accuracy and reasonableness of certain claimed expenses that appear to be inconsistent with historical spending and her public filings. *See* In re Kellog, 41 B.R. 836 (Bankr. W.D. Okla. 1984)(extension for cause is appropriate where issues in the case are unique and potentially complex). In addition, the Debtors have made no showing of any prejudice that will befall them if the 60 day extension requested by the UST is granted. *See* Kornfield, 214 B.R. at 710 (finding that the request was "modest" in light of the issue presented in the case).

Accordingly, the UST has made a sufficient showing of cause for a 60-day extension of time (or such other extension as the court may grant) in which to continue his investigation of this case and to file a motion to dismiss this case under 11 U.S.C. § 707(b)(3) and to file a complaint objecting to the discharge of the Debtors under 11 U.S.C. § 727.

Dated: July 21, 2010

        Respectfully submitted,

        August B. Landis,
        Acting United States Trustee


        By:  /s/ *Patricia A. Cutler, #50352*
             Patricia A. Cutler
             Attorney for United States Trustee